UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Cr. A. No. 05-30023-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MORRIS LYNN GULETT** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is a Motion to Appoint New Counsel [Doc. No. 35] filed by Defendant Morris Lynn Gulett on November 18, 2005. A hearing was held on Defendant's motion on November 28, 2005. For the following reasons, Defendant's motion is DENIED.

The decision to appoint a new attorney is within the Court's discretion. *See generally United States v. Wild*, 92 F.3d 304 (5th Cir. 1996). At the hearing, Defendant presented his concerns to the Court. Defendant explained that he believes his counsel, Carey Ellis, is a good attorney and that he has no personal conflict with Mr. Ellis. Defendant has met with Mr. Ellis and has been provided with some discovery, including video and audio tapes.

Defendant expresses concern, however, that his case is moving along so quickly that he feels that he has not received enough information nor had enough input. When Defendant and Mr. Ellis met on November 4, 2005, Defendant admittedly agreed to plead guilty at a hearing that was set for Monday, November 7, 2005, but over the weekend, Defendant decided that he needed some answers to additional questions. Specifically, Defendant was concerned that Mr. Ellis had

1

not met with him after Defendant viewed and listened to the audio and video tapes, so that they could discuss the tapes. Therefore, Defendant declined to go forward with the guilty plea hearing and asked at the hearing that he be appointed new counsel.

Even so, Defendant has indicated to the Court that he believes his problems with Mr. Ellis can be resolved. The Court agrees. While Defendant may need additional consultation with his counsel, there is no indication that the two have irreconcilable differences or that Mr. Ellis has failed to provide adequate legal representation. In light of Defendant's concerns, the Court upset the January 17, 2006 trial date and re-set the trial to March 13, 2006, to ensure that Defendant and his counsel have adequate time to confer and prepare his case.

Accordingly, Defendant's Motion to Appoint New Counsel [Doc. No. 35] is DENIED.

MONROE, LOUISIANA, this 29th day of November, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE